# Wheeling.

## AMISS v. WILLIAMSON.

### Decided April 16, 1881.

1. Where personal property is by the will left in the control of an executrix, to whom individually the interest and profits are given for life, and the property is to go to another, and the will directs, that no bond shall be required of the executrix, the remainder-man has such an interest, as would authorize him, under sec. 11 chap. 234 of the Acts of 1872-3 to move the court to require a bond of the executrix under the will.

2. Where a testator directs, that the executrix of his will shall be permitted to qualify without executing bond, the Court will not at the instance of a remainder-man of personal property require the executrix to give such bond, unless it appears, that she is wasting or attempting or threatening to waste the personal property.

1881
Spring
Special Term.

Amiss
v.
Williamson.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Wood, rendered on the 27th day of March, 1880, upon a writ of error and *supersedeas* to a judgment of the county court of said county, in an action wherein Herman Amiss was plaintiff and Catherine Williamson was defendant, allowed upon the petition of said defendant.

Hon. J. M. Jackson, judge of the fifth judicial circuit rendered the judgment complained of.

JOHNSON, JUDGE, furnishes the following statement of the case:

On the 17th day of October, 1879, the following

notice was served on Catherine Williamson, the defendant,

" To MRS. CATHERINE WILLIAMSON,
    " *Executrix of the last will of J. W. Amiss, deceased :*
    " Take notice, that on the 25th day of October, 1879, I will move the county court of Wood county, West Virginia, to require you to execute a new bond as executrix of the will of J. W. Amiss, deceased, in a larger penalty and with better security than the one heretofore executed by you as such executrix.
                                        " HERMAN AMISS,
                                " *By C. F. Scott, his guardian.*
" *Parkersbury, W. Va., Oct. 16, 1879.*"

On the calling of the above motion the defendant by counsel moved to quash the said notice, on the ground that it is· illegal and insufficient, and because the said Herman Amiss could not proceed in the motion by guardian but only by next friend, and to dismiss the motion for the same reasons, which motion the court overruled, and the defendant excepted.   On the 23d of December, 1879, the county court entered the following order :

"This day came again the parties by their attorneys, and thereupon the defendant moved the court to quash the notice and dismiss the said motion, which motion being argued by counsel and considered by the court, the same was overruled.   And thereupon the court having heard the evidence upon the part of the said Herman Amiss and the arguments of counsel, and it appearing from the evidence introduced on the part of Herman Amiss, that the personal estate of said J. W. Amiss will amount to about the sum of $4,000.00, and the court being of opinion, that the said Herman Amiss has an interest under the will of the said J. W. Amiss, deceased, and is entitled to move the court to require of said executrix a bond as such executrix, it is deemed by the court, that such security ought to be given.   It is therefore ordered,

that said Catharine Williamson, as such executrix, do on or before the 1st day of the next term of this court before the clerk of this court in his office, or before the court in open court, execute a bond in the penalty of $4,000.00, with one or more sufficient sureties, to be approved by the said clerk in his office, or before the court, if given in court, conditioned according to law."

Four bills of exceptions to rulings of the court, were saved to the defendant. The first was to overruling the motion to quash the notice and dismiss the motion. The second to the ruling of the court permitting C. F. Scott to prove his guardianship by his own testimony. The third to the admission in evidence of a deed of trust executed by J. A. Williamson and his wife, the defendant, to a trustee to secure the testator, J. W. Amiss, the payment of $2,900.00. The fourth, which certifies all the evidence, is to the refusal of the court to set aside the judgment as unwarranted by the law and evidence.

A part of the evidence is, that W. H. Mattingley owned no property in Wood county, having conveyed it, and was not the owner of any personal estate. The relevancy of this evidence nowhere appears in the record, as it is not shown, that any other bond had been executed by the executrix. The evidence by the clerk of the county court of Wood county shows, that the executrix had filed no inventory in his office of the property in her hands as such executrix. Testimony appears as to the amount of the property in her hands as such executrix. The last will and testament of J. W. Amiss is a part of the evidence; and it appears by the will, that he bequeathed all his real and personal property to his wife for life, to take during that time the rents, issues and profits, and then the same should be held in the same way by his daughter Catharine, the defendant, for her life, and then should be equally divided among his grand children, naming them, among whom is the plaintiff, Herman Amiss. The will contains this clause : "I do ordain and appoint my beloved wife Susan D.

Amiss as executrix of this my last will and testament, and that she be allowed to qualify and act as such executrix without giving bond or security as such executrix."

Susan D. Amiss died before the testator, and on the 29th day of January, 1879, he executed a codicil to his will, in which after referring to the decease of his wife he says: " I do by this writing, which I hereby declare to be a codicil to my said last will and testament and to be taken as a part thereof, order and declare, that my will is, that my daughter Catharine Williamson, wife of Dr. J. A. Williamson, be appointed my executrix of this my last will and testament, and that she may be allowed to qualify without giving bond or security as such executrix." It appears from the evidence, that the testator died "the latter part of winter or early part of spring, 1879." There is no evidence in the bond that the executrix fraudulently or otherwise disposed of the property in her hands as such executrix, or attempted or threatened to so dispose of it.

To the judgment of the county court the defendant obtained from the circuit court a writ of error and *supersedeas*. Upon a hearing thereof on March 27, 1880, the circuit court affirmed the judgment of the county court, to which the defendant, from a judge of this Court obtained a writ of error and *supersedeas*.

*John A. Hutchinson,* for plaintiff in error, cited the following authorities:

Code ch. 82, § 14; 8 W. Va. 282; 4 W. Va. 709; Wade on Notice § 1192; Whart. Ev. §§ 60, 65, 67 and cases cited; 8 East 187.

*W. L. Cole,* for defendant in error cited the following authorities:

Code ch. 82 § 7; Kelley Stat. ch. 100 § 7 and notes; 1 Blackst. Com. 463, 464; 1 Rob. (old) Pr. 123; Schou-

ler Dom. Rel. 592; 1 Rand. 151 ; 6 Munf. 280 ; 6 Gratt. 301 ; 1 Whart. Ev. §§ 325, 326.

*M. P. Amiss,* for plaintiff in error, cited the follow-. ing authorities :

Rev. Code Va. (1819) ch. 104, § 22 ; Code Va. (1860) p. 595, § 7; Code W. Va. p. 302, § 7 ; 2 Munf. 162 ; 4 H. & M. 503 ; 7 Gratt. 36 ; 3 Call 35 ; 1 Tuck. Com. 416.

JOHNSON, JUDGE, announced the opinion of the Court :

This is a proceeding under sec. 11 of chap. 234 of the Acts of 1872–3, which provides among other things, that "the court, under whose orders any fiduciary derives his authority, when it appears proper  *  .  *  on evidence adduced by a surety or the representative of a surety for such fiduciary or by any other person interested, may at any time, whether such fiduciary shall or shall not have before given any bond, or whether he shall have given one with or without sureties, order him to give before such court a new bond within a prescribed reasonable time in such penalty and with or without sureties, as may appear proper. * * * But no such order shall be made, unless reasonable notice appear to have been given to such fiduciary, · * * or by the service of a rule or otherwise."

Sec. 7 of chap. 122 of the same acts provides, that " where the will directs, that an executor shall not give security, the court shall not require it of him, unless on the application of any one interested, or for good reasons appearing to the court it is deemed, that security ought to be given."

Unless the plaintiff was interested, he had no right to make the motion to require bond of the executrix. Whether he was interested, depends upon a proper con · struction of the will of J. W. Amiss, deceased. The language of the will, which it is claimed gives him the interest, is : " I give and bequeath to my beloved wife,

Susan D. Amiss, all my estate both real and personal, that I have or may possess at my death, for and during her natural life for her sole use, benefit and support; (and having full confidence in her integrity) she shall have the entire control, management and use of the same, receiving the rents, interest and profits thereof, during her natural life as aforesaid; and from and after the decease of my said wife, Susan D. Amiss, I give and bequeath to my only daughter Catherine Williamson, wife of Dr. J. A. Williamson of the city of Parkersburg, Wood county, West Virginia, all of the above named rents, interest and profits for her sole and separate use, benefit and support during her natural life, free from the interference or control of her husband, and in no wise to be subject to his debts, she alone to have the right to rent the buildings and collect and receive the same. And from and after the decease of my said daughter, Catherine Williamson, I give and bequeath to my grandchildren," naming them, among whom is Herman Amiss, "all of my estate both real and personal, to be divided equally—share and share alike." Susan D. Amiss, the wife of the testator, died before him, and the bequest to the defendant at once took effect.

It is contended for plaintiff in error, that Herman Amiss has no interest in any of the personal or real estate, except what may remain after the death of Mrs. Williamson, who it is claimed is made the sole devisee and legatee of the estate, to be disposed of, as she may deem proper, for her sole use, benefit and support during her natural life.

Syllabus 1.

The will does not give her the disposition of either the real or personal property. *Milhollen's adm'r* v. *Rice et al.,* 13 W. Va. 510. The language is too clear to be misunderstood, that she was to have the rents, interest and profits of the property during her life. Therefore she only had a life-estate in the property with the power as executrix to control it. Therefore it seems clear, that Herman Amiss has a vested remainder in the property

to the extent of the interest given him by the will of his grandfather, and therefore a present interest in the property, which would authorize him to move the court to require a bond of the executrix.

But does the record disclose such facts, as authorized the county court to require, that a bond be executed? or was it necessary, that anything more should appear than that the party, who made the motion, had an interest in the property? Certainly ever since the Code of 1819, similar statutes to the one now in force have been the statute-law on the subject we are considering in Virginia and this State. In *Fairfax* v. *Fairfax's ex'r*, 7 Gratt. 36, it seemed to be taken for granted, that it was not a matter of course at the instance of a party interested in the property, to require an executor to give security, where the will of the testator provided, that no bond should be required. In *Holiday et ux* v. *Coleman et ux.*, 2 Munf. 162, it was held, that the power of a court of equity to rule a tenant for life of slaves or other personal property to give security, that the property shall be *forthcoming* at his or her death, is to be exercised *not as a matter of course but of sound discretion* according to circumstances. In *Mertiner* v. *Moffatt et ux.*, 4 H. & M. 503, it was held, that "though it is a matter of course for a remainder-man of personal chattels to file a bill against the tenant for life for an *account* and inventory of the property, yet the court will not rule the tenant for life to give security to have the property forthcoming at his death, unless there appear some danger of its being wasted or put out of the way." In that case the court held that such danger did not appear. In *Chrisholmes* v. *Starke et al.*, 3 Call it appears, that A. devised slaves to his wife for life, remainder to his children. The wife married B., who empowers C. to sell the slaves. C. does sell them to D., who was ignorant of the right of those in remainder. Upon a bill of *quia timet* by the remainder-men against B. D. and E. it was held, that the court would decree B. to give security for the forth-

coming of the slaves (and their increase) at the death of his wife; but as D. was a purchaser without notice, he was not compelled to give security. In this case, the life-tenant had abused his trust and was rightly required to give security.

In the case at bar the county court acted on the sole ground, as it seems to us, that power was lodged in it to require the executrix to execute bond, though the testator had not required it, if it appeared that the party, who made the motion, had an interest in the property in the hands of the executrix, because it does not appear from the certificate of the facts before the court, that the executrix was wasting or attempting or threatening to waste the property or any part thereof. It is true, that it appears, that the executrix had not filed, as it was her duty to do, an inventory of the property coming to her as such executrix; but she had four months after her qualification, in which to file such inventory, and it does not appear, at what time she was notified by the guardian to file it. It does not appear, when she qualified as executrix; but if she was in default in this respect, it is not proof, that she was wasting or intending to waste the property. The law points out an ample remedy to compel her to file the inventory. To require her to execute a bond as executrix of the will of her testator, is to do that, which the testator did not require; and unless the status has changed since the execution of the will, the remainder-man has no right to have such bond. The statute does not give him such right, unless he can and does produce to the court evidence, that the executrix is not worthy of the confidence reposed in her by the testator, and is wasting or threatening to waste the property, so that it will appear to the court, that unless bond is required, there is danger that the property will be squandered.

The testatrix was the first object of the testator's bounty. She was his only daughter, and with proper paternal regard he first provided for her. He had a right

1881
Spring
Special Term.

Amiss
v.
Williamson.

to so provide for her in any manner he pleased; he proposed to commit to her care as his executrix all of his personal property, the proceeds of which as such executrix she should receive to herself during life; and declared that she should not be required to give bond. It was a bounty to her to let her be the executrix, instead of another, as it would give her much less trouble, and to have required her to execute bond might have frustrated this part of his bounty.

A testator may have the fullest confidence in the integrity of a child, indeed should have, if the child be worthy of it, and may commit to that child the most important trust, but in many cases he could not do so, if the law required, notwithstanding his direction to the contrary, that the child should be required to execute bond. The father knows, that it would be difficult, if not impossible for the child, whom he wishes to settle his estate, to execute a bond, and therefore to make it possible, that his desire may be carried out, he declares, that the executor shall be permitted to qualify without giving bond. And the law says this wish of the testator shall be respected, unless it afterwards appear proper, that bond should be required. In a case like that at bar it is not proper that bond should be required, unless the executrix has shown herself unworthy of the trust and confidence of the testator. If this is shown, and she is wasting or attempting to waste the estate, Herman Amiss, has no right to the possession of any part of the property until her death. He is an object of the testator's bounty, but second to his aunt; the testator has said his aunt shall have the profits of the property during her life and shall be entitled to the possession of the personal property as his executrix and shall not be required to give bond as such. Of this last provision, no more than the other in the will, has he any right to complain. When his aunt shows, that she is unworthy of the confidence of the testator, it will be time enough for Herman Amiss to move for the execution of a bond.

1881
Spring
Special Term.

Amiss
v.
Williamson.

Syllabus 2.

Where a testator directs, that the executrix of his will shall be permitted to qualify without executing bond, the court will not at the instance of a remainder-man of personal property, require the executrix to give such bond, unless it appears, that she is wasting or attempting to waste the personal property.

The notice given in this case was not sufficient, if good in every other respect, because there is no evidence in the case applicable to said notice or any motion founded thereon. The notice was of a motion to require the executrix to execute a *new* bond in a *larger* penalty and with *better* security than the one before executed. It does not appear, that bond had been executed. There is no evidence in the case applicable to such notice. For the order of the court there is no notice, under which such order could be made. I do not deem it necessary to consider the other questions presented. Even if the notice was properly given by the infant by his guardian and was proper in every respect we still hold, that the court had no right to enter the order it did.

The judgment of the circuit court affirming the judgment of the county court must be reversed with costs to the plaintiff in error, against C. F. Scott, guardian of Herman Amiss; and this Court proceeding to render such judgment as the circuit court of Wood county should have rendered, the judgment of the county court is reversed with costs to the plaintiff in error against C. F. Scott, guardian of Herman Amiss; and the said motion made by Herman Amiss by C. F. Scott, his guardian, in the county court is dismissed at the costs of C. F. Scott, guardian of Herman Amiss.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.    MOTION DISMISSED.